LAUREL MERCANTILE COMPANY *v.* MOBILE & OHIO RAILROAD COMPANY.

[40 South. Rep., 259.]

NEGLIGENCE.  *Peremptory instruction.*

So many different facts and conditions are integrated into the solution of the question of negligence that it is a rare case where it should be taken from the jury. See *Bell* v. *Southern Ry. Co., ante,* 234.

FROM the circuit court of Clarke county.

HON. ROBERT F. COCHRAN, Judge.

The mercantile company, appellant, was the plaintiff in the court below; the railroad company, appellee, was the defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court.

The suit was for damages arising from the death of live stock, alleged to have been caused by the negligence of the railroad company in transporting them from East St. Louis, Ill., to Laurel, Miss. The declaration alleges that the cattle were shipped on the evening of January 20, and did not reach Laurel until the evening of the 23d; that only once—at Okolona, Miss., on the 22d—were they taken out of the car for rest and food and water; and that as a result of this failure on the part of the railroad company to properly care for the stock, to transport them safely and quickly to their destination, and to give them proper rest and sustenance, nine of them contracted pneumonia and died. The railroad company claimed that the stock were loaded on the car on a cold, rainy afternoon; that there was plenty of food and water in the cattle car to sustain them on the way; that there was no unnecessary delay in the transportation, the only stops made being unavoidable; and that the stock were unloaded to rest at Okolona, where they were watered and fed

on hay.   It further claimed that the weather was cold, and that the sickness among the stock was due to the fact that they were loaded in the rain and transported in the cold after becoming heated by standing closely packed in the pens, and that the plaintiff made no complaint to the agents about the condition of the stock at any of the points on the road or at the time of the unloading at the point of destination.

*R. E. Halsell,* and *D. W. Heidelberg,* for appellant.

While the defendant attempted to explain or excuse the delays in the shipment of the stock while en route, it made no effort to deny that, or to explain why, the stock were not fed, watered, and rested, as the law and the rule of the company required. Conceding, for argument's sake, that there was no delay in the shipment of the stock, what about the neglect to rest, feed, and water them?   According to the letter of Alexander, the superintendent of defendant railroad company, the stock were not delivered to the New Orleans & Northeastern Railroad Company until eight o'clock on the morning of January 23—a period of sixty-four hours from the time of shipment—and during that time had not been fed, except that a small quantity of hay had been placed in the racks of the car, and, with the exception of a single occasion, had not been supplied with water.   Did this so clearly negative the idea of negligence on the part of the defendant that the jury should have been denied the right to pass on the question?   It was for the jury, and not for the court, to determine whether the failure to feed, water, and rest the stock was negligence, and whether this negligence brought about their death.

In the case of *Gardner* v. *Michigan Railroad Co.,* 150 U. S., 349, the supreme court of the United States decided that the question of negligence is one of law, and for the court only, where the facts are such that all reasonable men must draw the same conclusion.

It is the duty of carriers to feed and water stock during trans-

portation.  *Missouri Pacific R. R. Co.* v. *Fagan,* 2 L. R. A., 75 ;
*Chesapeake & Ohio R. R. Co.* v. *American Exchange Bank,* 44
*Ib.,* 449 ;  *Pitkin & Brooks* v. *Burham,* 55 *Ib.,* 289.    United
States Statutes, secs. 4386, 4390, require stock to be taken off
the train, and watered, rested, and fed, at least once in every
twenty-eight hours, under a penalty, for failing to do so, of from
one hundred to five hundred dollars.    While our supreme court
has held that the rights of litigants are not measured or affected
by the former section, that section shows that as wise a body
as congress pronounced it the duty of carriers to provide stock
with rest, water, and food at least once in every twenty-eight
hours, and its enactment is greatly persuasive that it *is* the duty
of carriers to do so.    Certainly no court should decide, as a
matter of law, by a peremptory instruction, that it is not the
duty of carriers to feed, water, and rest stock oftener than was
done by the defendant in this case, and that it is so plain that
carriers are not required to so do that all reasonable men would
agree to the proposition.

In the case of *Nashville, etc., Ry. Co.* v. *Heggie,* 86 Ga., 210,
it was held that a failure to comply with the terms of the United
States statutes is negligence *per se.*

After injury to freight is once shown, the burden of proof is
on the carrier to prove that it is guilty of no negligence.    *Chi-
cago, etc., R. R. Co.* v. *Abels,* 60 Miss., 1017 ;  *Roberts* v. *Riley,*
77 Am. Dec., 183 ;  *Louisville, etc., R. R. Co.* v. *Hedger,* 15 Am.
St. Rep., 740.    If there are provisions in the contract of ship-
ment exempting the carrier from liability for certain causes, the
burden is on it to show that the cause of the injury is one cov-
ered by the exemption.    *Chicago, etc., R. R. Co.* v. *Abels, supra.*

*J. M. Boone,* for appellee.

In cases of injury to or death of living animals in transit—
which may be caused by each other, by inherent liability to sick-
ness and death, or by self-inflicted injury in close confinement—

if the carrier does all that should be done toward their safe carriage, and still injury results, no responsibility should be fastened on the carrier. *Chicago, etc., R. R. Co.* v. *Abels,* 60 Miss., 1017; *Railroad Co.* v. *Bigger,* 66 Miss., 322 (s.c., 6 South. Rep., 234); *Railroad Co.* v. *Scruggs,* 69 Miss., 418 (s.c., 13 South. Rep., 698).

A railroad company is not liable for damages resulting from cold weather. *Keller* v. *Chicago, etc., R. R. Co.,* 63 Am. St. Rep., 542.

In the Abels case, *supra,* the court based its opinion, that the railroad was not liable, upon the fact that the evidence showed that the car was a suitable one, the roadbed good, and the transportation safe and speedy, and that there was no imputation respecting the capacity or the vigilance of the employes of the train. In the case at bar the proof clearly establishes all these facts.

Argued orally by *D. W. Heidelberg,* for appellant, and by *J. M. Boone,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

On the facts in evidence it was erroneous to give the peremptory instruction. The case should have gone to the jury. As we have before stated, the facts of different cases are so variant, and so many different facts and conditions are integrated into the solution of the question of negligence, that it must be a rare case of negligence which should be taken from the jury.

*Reversed and remanded.*